CARNCROSS, Plaintiff and Appellant, vs. TREAT, Defendant and Respondent: APPLETON STATE BANK, Garnishee.

*September 10, 1929—January 7, 1930.*

*E. C. Smith* of Appleton, for the appellant.

For the respondent the cause was submitted on the brief of *C. G. Cannon* of Appleton.

The following opinion was filed October 8, 1929:

Fowler, J.   The act creating the municipal court of Outagamie county, ch. 23, Laws of 1907, hereinafter referred to as the "Act," constitutes the court a court of record and in effect provides that it shall consist of two branches: a branch in which cases involving amounts in excess of $500 fall, in which circuit court practice and procedure are followed pursuant to the Act, and a justice court branch, embracing cases involving $500 or less, in which the judge has the jurisdiction and powers of justices of the peace, and in which by the terms of the Act justice court

processes issue and the practice and procedure of justice courts are followed. Secs. 2, 23, and 28 of the Act. Appeals go from the justice court branch to the circuit court unless a bill of exceptions is settled within thirty days after judgment, in which case appeals may be taken to the supreme court by giving notice of appeal within sixty days after judgment. Sec. 40 of the Act.

No bill of exceptions was settled within thirty days after judgment. The judge of the municipal court, acting as a justice of the peace, had no power respecting settling a bill of exceptions except that inferentially arising from the provision for appeal to this court that he may settle one within thirty days after judgment. He had no power to settle one after expiration of that period. The document on file denominated a bill of exceptions is a nullity, and there is nothing before the court to pass upon. The judgment must therefore be affirmed, and no occasion exists for discussing the case on the merits.

Sec. 59 of the Act is relied on as validating the bill of exceptions. It provides that "In actions proceeding according to circuit court procedure, an objection that the procedure should be according to justice court procedure, or in any action proceeding according to justice court procedure, an objection that the procedure should be according to circuit court procedure, shall be deemed waived unless made before commencing to strike the jury, or, if no jury be impaneled, before entering upon the trial." But this provision does not help the plaintiff. This was an action proceeding according to justice court procedure. The summons, order of publication, docket, and designation "In Justice Court Branch" on the summons all mark the case as in justice court branch and as proceeding according to justice court practice. The case was properly so brought and so prosecuted. There was no ground for objecting that the pro-

cedure "should be according to circuit court procedure," for such procedure should not be followed.

Contention is made that at time of trial the case was proceeding according to circuit court practice, and that as no objection was then made to circuit court procedure the objection to the procedure thereafter followed was waived. But that this is not tenable appears from the remainder of sec. 59, which provides that if objection that the procedure is improper is made and sustained the action shall be dismissed with costs "unless the court shall expressly find that the same [the action] was *started* in good faith, believing the *procedure taken* to be proper." The procedure referred to by the section is the procedure taken in starting the case. If a justice court case is started according to circuit court procedure, objection may be made that the procedure should have been according to justice court procedure, and the court will then dismiss the case or proceed with it according to justice court procedure. But when a justice court case is commenced according to justice court procedure it is and remains a justice court case, and the procedure must be according to justice court procedure through to final disposition.

*By the Court.*—The judgment is affirmed.

A motion for a rehearing was denied, with $25 costs, on January 7, 1930.